IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD L. JEFFERSON JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:24-cv-01743-PX |
| AV AUTOMOTIVE LLC d/b/a<br>BMW OF ALEXANDRIA | * | |
| BMW FINANCIAL SERVICES NA, LLC | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending in this consumer lending case are motions to dismiss filed by Defendant BMW Financial Services NA, LLC ("BMW FS") (ECF No. 7) and AV Automotive LLC d/b/a BMW of Alexandria ("BMW Alexandria") (ECF No. 11) (collectively, "Defendants"). The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motions are GRANTED.

### I.    Background

On August 17, 2023, Plaintiff Richard L. Jefferson Jr. ("Jefferson") entered into a contract with BMW Alexandria to finance the purchase of a 2021 BMW 430i. ECF No. 1 ¶¶ 9 & 10; ECF No. 7-3 at 7 (the "Contract"). The Contract identified Jefferson as the "Buyer" and BMW Alexandria as the "Seller." ECF No. 7-3 at 7. Jefferson financed the purchase price of $66,868.46 at 7.99% annual interest rate, resulting in 72 monthly payments of $1,175.94 beginning October 1, 2023. *Id.* at 8. The Contract also provided that in the event of "default," or failure to pay full and timely monthly payments, BMW Alexandria could accelerate full payment of the Contract and repossess the vehicle. *Id.* at 10. The Contract also expressly notified Jefferson that, once he signed the Contract, BMW Alexandria would assign the loan to BMW

1

FS, "a wholly owned subsidiary of BMW Financial Services NA, LLC." *Id.* at 13.  Accordingly, once Jefferson signed the Contract, BMW FS stepped into the shoes of BMW Alexandria as the "Seller." *Id.*

Jefferson made two timely payments thereafter, but as of December 2023 was in default. *Id.* at 16, 18 & 20.  On January 10, 2024,  BMW FS notified Jefferson he could cure the default by paying the outstanding payment balance of $2,291.43, plus a $235.20 late fee by January 20, 2024.  *Id.* at 34.  Jefferson failed to make any further payments.  *Id.*  Consequently, on April 25, 2024, BMW FS repossessed the vehicle.  *Id.* at 35–44.

On May 28, 2024, Jefferson moved for a Temporary Restraining Order in the Circuit Court for the City of Alexandria to enjoin BMW FS from selling the vehicle.  ECF No. 7-4 at 4. While that motion was pending,[1] Jefferson initiated this action on June 14, 2024.  ECF No. 1. He sues BMW Alexandria for contractual breach (Count I), fraudulent concealment against both Defendants (Count II), and fraud (Count III) and conversion (Count IV) against BMW FS, all premised on the notion that BMW Alexandria "sold" the Contract to BMW FS, thus resulting in a "novation" that voided the Contract.  *Id.* ¶¶ 11–13.  As relief, he seeks an order "demanding return" of the vehicle, a "declaration" and BMW FS "no longer has any rights to the vehicle," and $40,000 in punitive damages.  *Id.* ¶¶ 19, 23, 26 & 29.

Defendants now move to dismiss the Complaint for lack of subject matter jurisdiction or alternatively because the claims fail as a matter of law.  Fed. R. Civ. P. 12(b)(1) & (6).  The Court first addresses, as it must, whether it retains jurisdiction to hear the case.

## II.     Subject Matter Jurisdiction

---

[1] The Alexandria City Circuit Court ultimately denied the motion.  ECF No. 11-2 at 2.

The Court's power to adjudicate state common law claims is limited, to be invoked only where diversity jurisdiction exists. *Lekoba v. Oboa-Frank*, No. GJH-16-2627, 2016 WL 4059347, at *2 (D. Md. July 28, 2016); *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 522 (1947). Diversity jurisdiction is proper where the amount in controversy exceeds $75,000 and where no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *see Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015). The Complaint, therefore, must make plausible that the plaintiff "claims a sum sufficient to satisfy the statutory requirement;" dismissal for failure to assert a sufficient amount in controversy is proper only if "to a legal certainty . . . the plaintiff cannot recover the amount claimed." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (internal citation and quotation marks omitted). A "legal impossibility of recovery" must "effectively negat[e] the plaintiff's good faith in asserting the claim." *Id.* at 638 (quoting *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir.1981)).

The parties do not dispute that complete diversity of citizenship exists between Jefferson and the Defendants. ECF No. 7-1 at 5; ECF No. 11-1 at 4. Rather, Defendants singularly contend that the Complaint fails to state an adequate amount in controversy. ECF No. 7-1 at 5; ECF No. 11-1 at 4. Defendants more particularly maintain that because Jefferson alleges only $40,000 in punitive damages, which is unavailable as a matter of law to the breach of contract and fraud claims, diversity is lacking. ECF No. 7-1 at 5; ECF No. 11-1 at 4.

Defendants are correct that under Virginia law, punitive damages are unavailable for contract claims, *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 156 (2009) (citing *Kamlar Corp. v. Haley*, 224 Va. 699, 705 (1983)), and only available for fraud committed with malice. *Bennett v. 3M Co.*, Civ. No. 3:14-cv-198, 2014 WL 1493188, at *2 (E.D. Va. Apr. 15, 2014); *see also Stallings v. DeAlto*, 13 Va. Cir. 394 (1988) ("[P]unitive damages are not

3

recoverable even in a fraud action in the absence of a showing of actual malice.").  Defendants also rightly point out that no facts make plausible any alleged fraud had been committed with malice—that is, "such recklessness or negligence as to evince a conscious disregard of the rights of others."  *Condo. Servs., Inc. v. First Owners' Ass'n of Forty Six Hundred Condo., Inc.*, 281 Va. 561, 580 (2011) (quoting *Giant of Va., Inc. v. Pigg*, 207 Va. 679, 685 (1967)).

Nonetheless, the amount in controversy as applied to the claim for declaratory and injunctive relief is sufficient.  ECF No. 1 ¶ 19.  For declaratory relief, the amount in controversy is measured by the value of the object of litigation.  *See Lang v. Wells Fargo Home Mortg., Inc.*, No. 3:13-cv-60, 2013 WL 12210772, at *3 (N.D.W. Va. Sept. 23, 2013).  Where, as here, the plaintiff seeks to declare a contract void, "the amount in controversy . . . is the value of the contract to either party."  *Id; cf. Lee v. Citimortgage, Inc.*, 739 F. Supp. 2d 940, 946 (E.D. Va. 2010) (amount in controversy is either the "direct pecuniary value of the right the plaintiff seeks to enforce, or the cost to the defendant of complying with any prospective equitable relief.").  For Jefferson, the value of the voided contract would be the balance owed at the time of repossession, or $84,667.68 minus the $2,412.33 he already paid, ECF No. 7-3 at 7, 20, 22 & 24.  Because the Contract balance exceeds the $75,000 amount-in-controversy requirement, the Court retains diversity jurisdiction.

The Court next turns to the sufficiency of the claims.

### III.    Failure to State a Claim

A motion brought under Rule 12(b)(6) challenges whether the Complaint states a legally cognizable cause of action.  When assessing the sufficiency of a claim, the Court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party."  *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).  However, the Court need not "credit a complaint's conclusory statements without

reference to its factual context," *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009), or "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see Iqbal*, 556 U.S. at 663 (" . . . [T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court may also consider the Contract and proofs of payment attached to the dismissal motions because the documents are incorporated into the Complaint by reference, integral to the claims, and their authenticity is not challenged. *See Goines v. Valley Comty. Servs. Bd.*, 822 F. 3d 159, 166 (4th Cir. 2016); *see also Phillips v. LCI Intern, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) ("[A] court may consider [an external document] in determining whether to dismiss the complaint because it was integral and explicitly relied on in the complaint and because the plaintiffs do not challenge its authenticity.").

### A.  Breach of Contract (Count I)

Jefferson first alleges that BMW Alexandria breached the Contract by misrepresenting it as a "loan" with BMW FS rather than as a "retail installment sales contract" with BMW Alexandria. ECF No. 1 ¶ 18. The Complaint avers, without factual support, that the breach caused Jefferson to pay interest and annual percentage rates "typical of a loan," and that he "lost control over the contract terms," causing him "mental distress." *Id.*

Under choice of law principles, the Court applies Virginia law as the law of the state where the contract was made. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941) (holding that federal courts apply the choice of law rules of their forum state); *Allstate Ins. Co. v. Hart*, 327 Md. 526, 529 (1992) (discussing that Maryland courts apply the law of the state in which a contract was formed). In Virginia, the elements for breach of contract are: (1)

the existence of a legally enforceable contract between the parties, and (2) defendant's failure to fulfill an express material contract term, which (3) caused plaintiff to suffer harm as a result. *See Sunrise*, 277 Va. at 154 (citing *Filak v. George*, 267 Va. 612, 619 (2004)). The Court must determine the material contractual terms reading the agreement as a whole. *See Seals v. Erie Ins. Exch.*, 277 Va. 558, 562 (2009); *Erie Ins. Exch. v. EPC MD 15, LLC*, 297 Va. 21, 28 (2019).

Viewing the Complaint facts as true and most favorably to Jefferson, he takes issue principally with BMW Alexandria having assigned the Contract to BMW FS. ECF No. 1 ¶ 13. Thus, Jefferson asserts, the agreement was breached because the deal was more like a "loan" with traditional third party financing rather than a "retail installment sales contract." *Id.* ¶¶ 16–18. Labels aside, Jefferson avers no facts that make plausible BMW Alexandria breached any part of the Contract by assigning it to BMW FS. ECF No. 7-3 at 13. Indeed, the Contract plainly states that once Jefferson signed the document, the Contract would be assigned to BMW FS. *Id.* Thus, whether one terms the transaction a "loan" or an "installment contract" is really beside the point. No material breach of the agreement is averred. The claim fails and Count I must be dismissed.

### B. Fraud and Fraudulent Concealment (Counts II and III)

Defendants treat Counts II and III together, arguing that the Complaint does not identify any particular misrepresentation or concealment of a material fact necessary to sustain a fraud claim. ECF No. 7-1 at 7–8; ECF No. 11-1 at 7. Under Federal Rule of Civil Procedure 9(b), fraud claims must be pled "with particularity," to include the "circumstances constituting fraud," such as the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990)). For the fraud

claim, the Complaint must aver the particular misrepresentation on which Jefferson detrimentally relied. *See Winn v. Aleda Const. Co., Inc.*, 227 Va. 304, 308 (1984). Likewise, for the fraudulent concealment claim, the Complaint must particularly identify the material facts which Defendants allegedly hid from Jefferson. *See Van Deusen v. Snead*, 247 Va. 324, 328 (1994).

As best the Court can tell, the gravamen of the fraud claims center on the assignment of the Contract to BMW FS. ECF No. 1 ¶¶ 21 & 25. But this fact was neither false nor hidden. By the plain terms of the Contract, Jefferson's signature effectuated the assignment to BMW FS. ECF No. 7-3 at 13. Nor can the Court agree that Defendants misrepresented to Jefferson the status of the Contract as a "loan" versus a retail installment sales contract. The Contract is plainly titled "Motor Vehicle Retail Installment Sales Contract – Virginia." ECF No. 7-3 at 7. And the Complaint is silent as to how, if at all, it would have mattered had Defendants called the finance instrument a "loan." Thus, even if the Court assumes that the transaction was best termed a "loan," hiding that fact brought no harm to Jefferson.

Last, Jefferson's "securitization" theory of fraud fails as a matter of law. Although not altogether clear, the Complaint appears to allege that because loan was secured with the vehicle as collateral, the securitization "effectively transformed" the Contract into a "tradable asset-backed security which was subsequently sold to investors," which, in turn, eviscerated BMW FS' right to enforce the Contract. ECF No. 1 ¶ 25. This theory of relief has been roundly rejected. *See McKinney v. Towd Point Mortg. Tr. Asset-Backed Sec., Series 2016-1*, No. 8:22-CV-02878-PX, 2023 WL 8545224, at *3 (D. Md. Dec. 11, 2023) (rejecting theory that securitization of a mortgage loan that defendants "hid" from plaintiff cannot support fraud); *see also Gale v. Select Portfolio Servicing, Inc.,* No. DKC 20-1289, 2021 WL 165132, at *3 (D. Md. Jan. 19, 2021*); Mancho v. Select Portfolio Servicing, Inc.*, Civ. No. 1:22-cv-02025-JRR, 2023 WL 2035928, at *3 (D. Md. Feb. 16, 2023) (discussing that securitization does not make mortgage loan

7

agreements unenforceable); *Webb v. Equifirst Corp.*, No. 7:15-cv-00413, 2016 WL 1274618, at *5–6 (W.D. Va. Mar. 31, 2016) (rejecting theory that securitization of a note extinguishes contractual obligations).  Securitization alone does not make plausible a fraud claim.  Counts II and III, therefore, must be dismissed.

### C.  Conversion (Count IV)

Lastly, as to the conversion claim, BMW FS argues that because the Contract permitted it to take possession of the vehicle upon default, the claim must fail.  ECF No. 7-1 at 10–11. Conversion involves the "wrongful assumption or exercise of the right of ownership over goods or chattels belonging to another in denial of or inconsistent with the owner's rights." *Economopoulos v. Kolaitis*, 259 Va. 806, 814 (2000).  For the claim to survive, the defendant's taking possession of the property must have been wrongful, and thus deprived the plaintiff of his right in the same.  *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 305 (1994).

When viewing the Complaint most favorably to Jefferson, the Contract undoubtedly granted him a possessory interest in the vehicle at the time he purchased it.  But the Contract also made clear that he would forfeit that interest if he defaulted on the loan.  ECF No. 7-3 at 7 & 10. Jefferson's ultimate default triggered BMW FS' right to take possession of the car under the Contract terms.  ECF No. 7-3 at 10–11.  And no other facts make plausible that BMW FS lacked authority to seize the vehicle once Jefferson stopped paying on the loan.  In short, no facts make plausible any *wrongful* possession on BMW FS' part.  Thus, the claim must be dismissed.

### IV.    Dismissal With or Without Prejudice

When a claim fails as a matter of law, the Court retains broad discretion to dismiss with or without prejudice.  *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)).  Generally, dismissal without prejudice is appropriate when the plaintiff has not yet amended the pleading, *King v.*

*Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016), but where the claim is so hopelessly flawed that no amount of amendment could cure the pleading defects, the Court may dismiss with prejudice. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (finding district court did not abuse discretion in dismissing complaint with prejudice where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability"); *see Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

The Court can discern no way for Jefferson to cure any of the claims. As for breach of contract, it was Jefferson who breached material terms when he defaulted, not Defendants, and no plausible reading of the Contract suggests otherwise. As to the fraud claims, nothing about the transaction suggests that Defendants hid or misled Jefferson on any other aspects of the deal, and the Court cannot fathom how Jefferson could add facts that make the "loan" versus "installment contract" distinction one that is material. Last, as to conversion, BMW FS rightfully took possession of the vehicle upon Jefferson's default, and no amount of amendment will upset the plain and unambiguous contractual terms in that respect. Because Jefferson cannot cure the legal infirmities of the claims, the Complaint must be dismissed with prejudice.

**V. Conclusion**

For the foregoing reasons, the Court grants Defendants' motions to dismiss. A separate Order shall follow.

July 21, 2025                                                    /S/
Date                                                    Paula Xinis
                                                    United States District Judge

9